IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Eugene Volokh, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00701 |
| | ) | |
| v. | ) | District Judge Aleta Trauger |
| | ) | |
| Williamson County Archives & Museum; | ) | |
| Bradley Boshers, Archives Director for | ) | |
| The Williamson County Archives & | ) | |
| Museum; Williamson County Circuit | ) | |
| Court Clerk; Debbie McMillan Barrett, | ) | |
| Circuit Court Clerk, | ) | |
| | ) | |
| Defendants. | ) | |

## Defendants' Memorandum of Law in Support of Motion to Dismiss

### Exhibit 1, email correspondence enclosing requested records

# Lisa Carson

**From:** Lisa Carson
**Sent:** Thursday, June 26, 2025 4:41 PM
**To:** susan.kay@vanderbilt.edu; Jennifer.Safstrom@vanderbilt.edu; Ryan.Riedmueller@vanderbilt.edu
**Subject:** Volokh v. Williamson County Archives & Museum, et al.
**Attachments:** Rule Docket Cir Ct.pdf; Responsive Records.pdf

**Categories:** OnePlaceMail Deletion

Counsel, this office represents the Defendants in this matter. My clients were served with process today and provided a copy of the Complaint and the Motion for Preliminary Injunction to me. I anticipate that I will file a Notice of Appearance on their behalf in short order.

It is my understanding that the documents requested by your client from the Circuit Court and the Public Records Coordinator for Williamson County are as follows:

The following court records in the case Garramone v. Curtsinger, Case No. 22-CV-602:
Ex parte temporary order of protection
The actual ex parte order
The respondent's counter-petition
Any responses or replies relating to the petition and the counterpetition.

The Complaint and Motion for Preliminary Injunction request that these records be provided and are signed by Professor Kay. Since we know Professor Kay to be a citizen of the state of Tennessee based upon the information available on the BPR website and her long-standing tenure at Vanderbilt, we have treated the pleadings in this case as a request for the above-referenced records by a Tennessee citizen, and I have attached the records to this email. You will see redactions of home addresses, phone numbers and names of minor children to comply with the exceptions to the Public Records Act found under Tenn. Code Ann. 10-7-504(a)(16) and (t). (While it appears that the minor children were likely not alleged "victims" for purposes of this Order of Protection, we redacted their names out of an abundance of caution. If you don't agree that those redactions are permissible under the law, please let me know and we can discuss that issue.). No other materials have been redacted. Because of the de minimus nature of the production, there is no charge for the copies.

The documents attached are primarily General Sessions Court documents that are in the Circuit Court file due to an appeal. In the appeal to the Circuit Court, it is my understanding that the sole issue was award of attorneys' fees. Accordingly, there were no documents meeting the description above bearing the Circuit Court Judge's signature. I have attached a copy of the rule docket for the case for your reference.

Our provision to Professor Kay as a Tennessee citizen is not intended to be a waiver of any argument we might make in this case regarding the propriety of declining records requests from non-citizens. As you know, we have just been served with the Complaint and are evaluating our position. However, since the production of these documents, which you may certainly share with your client, resolves any immediate issue of irreparable harm, I would anticipate it will resolve the preliminary injunction issue. Please let me know whether we can reach agreement as to that issue and move forward with responding to the Complaint in an orderly fashion, or whether it will be necessary for our office to file a response to the Preliminary Injunction Motion. Given the demands on the time of our judges in the Middle District, I would hope that we can put this threshold issue aside and focus on the central issues in the litigation.

I look forward to hearing from you, and to working with you on this interesting case.


Lisa M. Carson
Buerger, Moseley & Carson, PLC
Two Town Center
4068 Rural Plains Drive, Suite 100
Franklin, Tennessee 37064
Phone:  615-794-8850

# Petition for Order of Protection and Order for Hearing

**Case #** *(the clerk fills this in):*
2022-OP-216
2022 OP JM093

In the GENERAL SESSIONS Court of WILLIAMSON County, TN

**Petitioner's name:** *(person needing protection)*
(List Child's name if filed on behalf of person under 18 years of age pursuant to TCA §36-3-602)

| Lisa | Lenahan | Garramone |
|------|---------|-----------|
| *first* | *middle* | *last* |

**Check if Applicable:**

☐ Petitioner is under 18 and this Petition is being filed on behalf of an unemancipated person (someone under 18 years of age) pursuant to TCA §36-3-602. *This request is being made by* _____ who is ☐ child's parent or ☐ legal guardian or ☐ a caseworker.

☐ This request is being made by a law enforcement officer pursuant to TCA §36-3-619.
Person on whose behalf this Petition is filed consents in writing to the filing and signs here

➡ _____

**\*\*PETITIONER'S CHILDREN UNDER 18 THAT PETITIONER BELIEVES ARE IN NEED OF PROTECTION:**

| Name | Age | Relationship to Respondent | Name | Age | Relationship to Respondent |
|------|-----|---------------------------|------|-----|---------------------------|
| 1. | | no relation | 3. | | |
| 2. | | no relation | 4. | | |

**Respondent's Information** *(person you want to be protected from):*

| Jceph | Carmn | Cuttsinger Jr | date of birth (MM/DD/YYYY) |
|-------|-------|---------------|----------------------------|
| *first* | *middle* | *last* | |

_____  Nolensville  TN  37135
*street address*          *city*         *state*  *zip*

**Respondent's Employer:** _____
*Employer's name*                    *Employer's phone #*

**Describe Respondent:**

| Sex | Race | Hair | Eyes | Height – Weight – SSN – Other | |
|-----|------|------|------|-------------------------------|--|
| ☐ Male | ☑ White | ☐ Black | ☐ Brown | Height | 6' 2" |
| ☐ Female | ☐ Asian | ☑ Grey | ☐ Hazel | Weight | 350 |
| | ☐ Black | ☐ Blond | ☐ Blue | Social Sec. # | (Provided to Clerk's office if known) Do not list it here. XXXXXXXXXXXXXXXXXXXX |
| | ☐ Hispanic | ☐ Bald | ☐ Green | Scars/Special Features | |
| | ☐ Other: | ☐ Brown | ☐ Gray | Phone Number | |
| | | ☐ Other: | ☐ Other: | | |

① Check all of the following that apply to the Petitioner:

*Warning!*
☐ Weapon involved
☐ Has or owns a weapon

  a. ☐ We are married or used to be married.
  b. ☐ We live together or used to live together.
  c. ☐ We have a child together.
  d. ☐ We are dating, used to date, or have had sex.
  e. ☐ We are relatives, related by adoption, or are/were in-laws. *(Specify):* _____
  f. ☐ We are the children of a person whose relationship is described above *(Specify):* _____
  g. ☑ The Respondent has stalked me.
  h. ☐ The Respondent has sexually assaulted me.
  i. ☐ Other: _____

② List all children under 18 that you have:

  * ☐ *Check here if listing addresses would put you or your child in danger. If so, leave any spaces for addresses blank.*

| Name of Child | Age | Is Respondent the parent of the child? (Write "yes" or "no") | Does the child need to be protected from the Respondent? | Child's address |
|---|---|---|---|---|
| | | No | Yes | |
| | | No | Yes | Nolensville TN 37135 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

③ Where else have the children (that you and Respondent have together) lived during the last 6 months?

Children's previous addresses         Who did they live with at this address?

_____    _____

_____    _____

_____    _____

④ **Other Court Cases** – Is there any court, other than this court, in which the respondent and petitioner are parties to an action? (including cases in which the parties have children in common)
  ☐ Yes ☐ No    If "Yes," fill out below:

County and State of other case: _____    Case Number (if you know it): _____

Kind of case *(check all that apply):*   ☐ Divorce ☐ Domestic Violence ☐ Criminal ☐ Juvenile ☐ Child Support
               ☐ Other *(specify):* _____

⑤ **Custody Rights – Does anyone besides you or the Respondent claim to have custody or visitation rights to the children that you and Respondent have together?** ☐ Yes ☐ No    If "Yes," who?

Name                                    Address

_____    _____

_____    _____

⑥ **Describe Abuse – (use additional sheets of paper if necessary and attach to Petition)**

| Describe abuse, stalking or assault (include, IF APPLICABLE, information about abuse or fear of abuse to your child(ren), personal property or animals) |
|---|
| Please see attached statements.<br><br>In addition to the attached, the respondent has been seeking information on LinkedIn about my friends in the past two weeks And video-taped me on Nov 17 at Town Hall. |

| Where and when did this happen? |
|---|
| Williamson County Multiple locations (noted in attached statement |

| Describe any weapons used. |
|---|
| No weapons used |

**I ask the court to make the following Orders after the hearing: (check all that apply)**

⑦ ☑ **No Contact**
Please order the Respondent to not contact: ☑ me  ☐ our children under 18, either directly or indirectly, by phone, email, messages, text messages, mail or any other type of communication or contact.

⑧ ☑ **Stay Away**
Please order the Respondent to stay away from ☑ my home  ☑ my workplace or  ☑ from coming about me for any purpose.

10/27/2021
Form #OP2021-1                    Petition for Order of Protection                    page 3 of 6
Case 3:25-cv-00701    Document 14-1    Filed 07/17/25    Page 6 of 25 PageID #: 88

**STATEMENT FOR ORDER OF PROTECTION:**

Joe Curtsinger seemed to be a good friend and neighbor for a few years. He supported me when I ran for the Commissioner seat in 2020 and continued to support me in my capacity as an elected official until March/April of this year. In March, I discovered that he had been taking down campaign signs for a county commission candidate and had stacked them behind the flower box by his mailbox. He lied to me about having done it – I have pictures of where he placed the signs – this was the first interaction that gave me an idea that he was not trustworthy. Then I began looking through information on him that was available online - regarding multiple lawsuits and the one theme in all of these was that he was discovered to be lying in each one.

Next, there was a vote happening in the April meeting to approve a Kroger development.
Joe was not in favor of this and expected me to vote his way. He threatened me prior to the vote and after the vote – telling me I would regret voting in favor of this development. One of his known associates, Larry Gardner, asked me to meet him for lunch on April 5, 2022. At this lunch, he told me "things will not go well for you if you vote for yes for this development, Joe will be coming for you"

In June 2022, we met in Town Hall about a noise complaint Joe had filed against the Church of Nolensville. I was trying to help him with this situation but it was definitely challenging and it was not going the way he wanted. In this same timeframe, the new zoning proposal for the town came out and Joe became incensed with the first version of this. This drove another wedge in the friendship because I thought the Planning Commission and BOC could find a way to make adjustments and make the zoning work – he did not want any of it – I think he was so angry because he was an elected official prior and has input/control when the original zoning was put in place.

On July 19, 2022, we were both attending a church event (Theology on Tap – Monks Are Real). He was very rude and hateful to me in front of fellow church members and introduced me as "the useless, no-good, government official we have here in Nolensville." A few weeks after this was when I asked him not to contact me on my personal phone any longer. I believed that as an elected official, I had to allow him to contact me via my town phone and email. After this incident, several people let me know that he had been spreading rumors about me within our church membership and I could tell because people began behaving differently toward me.

His citizen comments at meetings were becoming increasingly angry and I began to feel very uncomfortable – a few times I had other commissioners or police officers walk me to my car after meetings.

As we entered into "election season" Joe began targeting people who had my signs in their yards – I know this because several asked me to come get the signs because they did not want to be targeted by him and his associates. He (Joe) began spending time with Tommy Dugger because he knew that Tommy had some information from October 17, 2020, that if twisted in just the right way, could be damaging to my reputation. He began sending this information to the Board and eventually to the local media (Channels 2,4,5,17 and all the newspapers). Because he was sending out incomplete and knowingly false versions of the information, I filed a lawsuit against him and the others involved. This did not stop him, it caused him to become unhinged. He showed up to one of my Q&A events and brought a stack of copies of the lawsuit and was being very aggressive with me and the other people at the event – more than one of the women told me that they were very scared/uncomfortable with his behavior and almost called the police on him during this event as they did not feel safe.

During the two weeks of early voting, he began showing up multiple times a day, videotaping me while he was there, and yelling things at me from his truck/car window. It became so bad, that I decided I could not be safe and be there during the last week of early voting. I relied on my volunteers to cover most of the day but somehow Joe knew right when I would arrive and would show up to yell things at me or videotape me then too.

He had his friend, Larry Gardner, drive by my house multiple times with the large signs of the new candidates he was supporting in the back of his truck (I do not live on a thru street – there is no reason for anyone to be driving on my street that does not live in that part of the neighborhood).

I found out from another known associate of his that he sent copies of all the edited videos, the news stories that channel 4 and 5 ran, and the lawsuit to my HR department at work – with the intent of getting me fired from my regular day job. This individual would like to remain anonymous for their protection.

On election day, he drove by me at one of the polling locations (Sunset Elementary) yelling at me from his car window as I was setting up my table. And the same day, he spent the majority of the day walking the voter line at the Nolensville Recreation Center location with the other two candidates telling the voters that I had a pending DUI charge – which he knew and they knew was false. Unfortunately, I did not become aware of what he was saying to people until after the polls closed. Courtney Adams, who was helping me that day, heard what he had been saying around 6pm and told him to stop spreading false information. He became enraged with her and the others who were there representing me – screaming uncontrollably, shaking his fist in their faces, and backed down when he realized that the voters were watching this.

I have been told by one of his known associates that he is going to keep coming after me – even after the election results. I dealt with all this while being an elected official because I did not think I had any recourse. I am a private citizen again now and I want him stopped. I do not know all the history of what he has done in the past or what he is capable of, but I do know that grown men are afraid of this man and do not want to be targeted by him. I want protection for me and my daughters. I do not feel safe going to church, walking my dog, going to any public places in Nolensville. I do not feel safe in any location where he might be. I think he could/would harm me physically as that is the only thing left for him to do at this point – he has thoroughly damaged my reputation and made the town where I live unsafe for me as long as he is there.

As evidence that he is continuing to come after me, he and whoever he asks to do so on his behalf, have continued to reach out to Channel Four news to come and ambush me at the final meetings I need to attend with claims that are half truths. We all know the media is most interested in a salacious headline, not actual truth. I did take the time to interview with them to give all of the information and hopefully put a stop to this. Additionally, I am providing sworn statements to the Bureau of Ethics and Campaign Finance of the behavior so they can look into all of this as well.

I am asking this court to please protect me and my family from any additional threats from this man.

⑨ ☑ **Personal Conduct**
Please order the Respondent not to:
☑ Cause intentional damage to my property or interfere with the utilities at my home.
☑ Hurt or threaten to hurt any animals that I/we own or keep.

⑩ ☐ **Temporary Custody**
Please give me temporary custody of our children.

⑪ ☐ **Child Support**
Please order the Respondent to pay reasonable child support.

⑫ ☐ **Petitioner Support (if married)**
Please order the Respondent to pay reasonable spousal support.

⑬ ☐ **Move-out / Provide other housing**
Please order the Respondent to *(check one)*: ☐ move out of our family home immediately
or ☐ provide other suitable housing (if married)

☐ *Check here if your home or lease is in the Respondent's name only.*

☐ If the parties share a residence, please allow the Respondent to obtain his/her clothing and personal effects such as medicine and other things he/she may need.

⑭ ☐ **Counseling/Substance Abuse Programs**
Please order the Respondent to go to a certified batterers' intervention program if one available in the area or a counseling program.

⑮ ☑ **No Firearms**
Please order the Respondent not to have, possess, transport, buy, receive, use or in any other way get any firearm.
*List all firearms that you believe the Respondent owns, controls, or has access to:*

| Type of Firearm (Pistol, Rifle, etc.) | Location |
|---|---|
| I do not know | |
| what weapons | |
| he owns | |

⑯ ☑ **Animals / Pets**
Please give me custody and control of any animal owned, possessed, leased, kept or held by me, the Respondent, or the children listed above.

⑰ ☑ **Costs, fees, and litigation taxes**
Please order the Respondent to pay all court costs, lawyer fees, and taxes for this case.

⑱ ☐ **Transfer the billing responsibility for and rights to wireless telephone number(s)**
Please issue an order directing _____, a wireless telephone service provider, to transfer the billing responsibility for and rights to the wireless telephone number or numbers of petitioner since petitioner is not the account holder.

Current account holder (name): _____

10/27/2021
Form #OP2021-1
Petition for Order of Protection
page 4 of 6
Case 3:25-cv-00701    Document 14-1    Filed 07/17/25    Page 9 of 25 PageID #: 91

Billing telephone number: _____

New account holder *(name):* _____

All telephone numbers to transfer to new account holder:

Telephone number *(include area code):* _____

Telephone number *(include area code):* _____

Telephone number *(include area code):* _____

Telephone number *(include area code):* _____

☐    Check box to include attachment with additional telephone number(s).

*If the judge makes this order, you will be financially responsible for the transferred wireless telephone number or numbers, including the monthly service costs and costs of any mobile device associated with the wireless telephone number or numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

⑩ ☑ Other Orders: *(General Relief)* Respondent should stay away from my church and Town Hall when I am present.

STOP ← I also ask the court to:

1. Make an immediate Temporary Order of Protection. *(Ex-Parte Order of Protection)*
2. Notify law enforcement in this county of that Order.
3. Serve the Respondent a copy of that *Order* and Notice of Hearing to take place within 15 days of service.
4. Serve a copy of the Request, Notice of Hearing and Temporary Order on the parents of the Petitioner (if the Petitioner is under 18 years of age) unless the Court finds that this would create a serious threat of serious harm to the Petitioner. *T.C.A. §36-3-605 (c )*

Petitioner (parent/legal guardian/caseworker/law enforcement personnel) signs below in front of a notary public and swears that he/she believes the above information is true:

➡ *[signature]*                                        Date: _11·23·2022_

Notary fills out below (TCA §36-3-602) –
I declare that the Petitioner has read this Petition,
and swears it be true to the best of her/his knowledge.
Sworn and subscribed before me, the undersigned authority,

By *(Print name of notary):* _David C Brown_

On this date: _11/23/22_

➡ *[signature]*

Notary or Court Clerk or Judicial Officer signs here    Date notary's commission expires

> Debbie McMillan Barrett
> Circuit Court Clerk
> 135 4th Ave. South
> Franklin, TN. 37064

10/27/2021                                    Petition for Order of Protection                                    page 5 of 6
Form #OP2021-1
Case 3:25-cv-00701      Document 14-1      Filed 07/17/25      Page 10 of 25 PageID #: 92

☑ The court finds good cause and will issue a Temporary Order of Protection.

☐ The court does not find good cause and denies a Temporary Order of Protection - The court finds there is no immediate and present danger of abuse to the petitioner and denies the Petitioner's request for a *Temporary Order of Protection*. The court will set the matter for hearing.

## ORDER FOR HEARING

The Petitioner and Respondent must go to court and explain to the judge why the judge should or should not issue an Order of Protection against the Respondent.

This hearing will take place on *(date):* ~~12/8/22~~ 12/1/22 at *(time):* 8:30 (xx a.m.)☐ p.m.

at *(location):* Williamson County Judicial Building, 135 4th Ave. South, Franklin, TN. 37064   Court Room A. at 8:30 AM.

▸ _____   Date 11/23/22

*Judicial Officer's signature*

| Proof of Service of Petition, Notice of Hearing and Temporary Order of Protection; | If the Petitioner is under 18 (and Petitioner is a social worker filing on behalf of a minor) and service of these documents would *not* put him/her at risk, the Clerk will serve and fill out below. (TCA § 36-3-605(c)) |
|---|---|
| Respondent was served on *(date):* 11-23-2 at *(time):* 519 PM by *(check one):* ☑ Personal service Personal service to Joseph Carmary Kutsinger St ☐ U.S. Mail per TCA §§ 20-2-215 and 20-2-216 att stated address (The Respondent does not live in Tennessee.) | |
| | I served the child's parents of copies of the Petition, Notice of Hearing, and Temporary Order of Protection by personal delivery or U.S. Mail on: *(date):* _____ at *(address):* _____ |
| Server's signature _____ | _____ |
| Print Name Daniel Robertson | Clerk's signature: _____ |
| Petitioner was served on *(date):* _____ at *(time):* _____ by *(check one):* ☐ Personal service | |
| Server's signature _____ | |
| Print Name | |

## Notice to the Respondent about Firearms

If the court grants the Petitioner's request for a Protective Order:

☑ You will not be able to have a firearm while this or any later protective order is in effect. You will have to transfer all firearms in your possession within 48 hours to any person who is legally allowed to have them. *18 U.S.C. §922(g)(8), TCA §36-3-606(g), TCA §36-3-625.*

☑ You will not be allowed to buy a firearm until the court says otherwise.

10/27/2021
Form #OP2021-1
Dep. Daniel Robertson
Williamson County Sheriff's Office
401 Century Court
Franklin, TN 37064
Petition for Order of Protection
page 6 of 6

Case 3:25-cv-00701   Document 14-1   Filed 07/17/25   Page 11 of 25 PageID #: 93

# Temporary Order of Protection (Ex Parte Order of Protection)

**Case # (the clerk fills this in):** 2022-602
2022-OP216
2022 - OP - JM093

In the <u>GENERAL SESSIONS CIVIL</u> Court of <u>WILLIAMSON</u> County, FRANKLIN, TN

**Petitioner** *(person needing protection)*
(List Child's name if filed on behalf of person under 18 years of age pursuant to TCA §36-3-602)

<u>Lisa</u>     <u>Lenahan</u>     <u>Carramone</u>
*first*          *middle*          *last*

## Check if Applicable:

☐ Petitioner is under 18 and the Petition was filed on behalf of an unemancipated person (someone under 18 years of age) pursuant to TCA §36-3-602 by ☐ child's parent or ☐ legal guardian or ☐ a caseworker.

☐ The Petition was made by a law enforcement officer pursuant to TCA §36-3-619 and Petitioner consented to the filing of this Petition by the law enforcement officer.

**Petitioner's children under 18 protected by this Order:** *no relation*

| Name | Age | Relationship to Respondent | Name | Age | Relationship to Respondent |
|------|-----|---------------------------|------|-----|---------------------------|
| 1. | | | 3. | | |
| 2. | | | 4. | | |

**Respondent's Information** *(person you want to be protected from):*

<u>Joseph</u>    <u>Carmon</u>    <u>Curtsinger Jr.</u>    _____
*first*        *middle*        *last*        *date of birth*
(MM/DD/YYYY)

_____     <u>Nolensville</u>   <u>TN</u>   <u>37135</u>
*street address*        *city*       *state*   *zip*

**Respondent's Employer:** _____
*Employer's name*        *Employer's phone #*

**Describe Respondent:**

| Sex | Race | Hair | Eyes | Height – Weight – SSN – Other | | |
|-----|------|------|------|------|------|------|
| ☒ Male | ☒ White | ☐ Black | ☐ Brown | **Height** | 6'2" | **Weight** 250 |
| ☐ Female | ☐ Asian | ☒ Grey | ☐ Hazel | **Social Sec. #** | (Provided to Clerk's office if known) Do not list it here. XXXXXXXXXXXXXXXXXXX | |
| | ☐ Black | ☐ Blond | ☐ Blue | | | |
| | ☐ Hispanic | ☐ Bald | | **Scars/Special Features** | | |
| | ☐ Other: | ☐ Brown | ☐ Green | | | |
| | | ☐ | ☐ Grey | **Phone Number** | | |
| | | Other:___ | ☐ Other: ___ | | | |

**Petitioner's relationship to the Respondent** *(Check all that apply):*

☐ We are married or used to be married.
☐ We live together or used to live together.
☐ We have a child together.
☐ We are dating, used to date, or have had sex.
☐ We are relatives, related by adoption, or are/were in-laws. *(Specify):* _____
☐ We are the children of a person whose relationship is described above *(Specify):* _____
☒ The Respondent has stalked me.
☐ The Respondent has sexually assaulted me.
☐ Other: _____

**This is a Court Order**
Temporary Order of Protection (ORDER OF THE COURT)

page 1 of 3

01/01/17
Form

The Court having reviewed the Petition for Temporary Order of Protection and finding, pursuant to TCA §36-3-605(a), that Petitioner is under an immediate and present danger of abuse from the Respondent and good cause appearing, the court issues the following:

**Warning!**
☐ Weapon involved
☐ Has or owns a weapon

*Orders to the Respondent:*

☑ **Do not abuse, threaten to abuse, hurt or try to hurt, or frighten Petitioner and/or Petitioner's minor children under 18.**

☑ **Do not put Petitioner and/or Petitioner's minor children under 18 in fear of being hurt or in fear of not being able to leave or get away.**

☑ **Do not stalk or threaten to stalk Petitioner and/or Petitioner's minor children under 18.**

☑ Do not come about the Petitioner and/or Petitioner's minor children protected by this order (including coming by or to a shared residence) for any purpose.

☑ Do not contact the Petitioner and/or Petitioner's minor children protected by this order either directly or indirectly, by phone, email, messages, mail or any other type of communication or contact.

☐ If the parties share(d) a residence, Respondent must immediately and temporarily vacate the residence shared with the Petitioner, pending a hearing on the matter.

☐ If the parties shared a residence, Respondent can obtain his/her clothing and personal effects such as medicine as follows: (List process as approved by local law enforcement personnel)

DO NOT GO TO THE PETITIONER'S CHURCH OR TO NOLENSVILLE TOWN HALL WHEN PETITIONER IS PRESENT

☑ You must not hurt or threaten to hurt any animals owned or kept by the Petitioner/Petitioner's children.

Stop ☐ Other orders: _____

☑ **Go to court on** *(date):* ~~12/1/22~~ 12/8/22 at **8:30** AM DCB

at *(location):* WILLIAMSON CO JUDICIAL BLDG   135 4TH AVE SOUTH   FRANKLIN, TN.   COURTROOM A

**You must obey these orders until the date of the hearing or until changes are made by the court.** If you do not agree with these orders, go to the court hearing and tell the court why. If you do not go, the court can make orders against you. You have the right to bring your own lawyer. If you do not obey all orders on this form, you may be fined and sent to jail.

**Only the court can change this Order.** Neither you nor the Petitioner can agree to change this Order. Even if the Petitioner tries to contact you or agrees to have contact with you, you must obey this Order. If you do not, you can be sent to jail for up to 10 days and fined up to $50 for each violation

*(TCA § 36-3-610)*

Date: 11/23/22   Time: 1:24 ☐ a.m. ☑ p.m.

Case 3:25-cv-00701   Document 14-1   Filed 07/17/25   Page 13 of 25 PageID #: 95

## Warnings to Respondent:

A copy of this Order will be sent to all law enforcement agencies where Petitioner resides AND any court in which the respondent and petitioner are parties to an action. Any law enforcement officer who reasonably believes you have disobeyed this Order may arrest you.

If you hurt or try to hurt anyone while this Order, probation or diversion is in effect, you may face separate charges for aggravated assault, a Class C felony. (TCA § 39-13-102(c))



### Proof of Service

The Respondent was served copies of the Petition, Notice of Hearing, and Temporary Order of Protection on:

(date): __11-23-22__ at (time): __3/9__ ☐ a.m. ☒ p.m.

by (check one): _Personal Service to Joseph Cozman Cutsinger CT, at Stated address_

☒ Personal service

☐ U.S. Mail per TCA §§ 20-2-215 and 20-2-216 (The Respondent does not live in Tennessee.)

_Deputy Daniel Peterson_

Server's signature

Eep: Daniel Robertson
Williamson County Sheriff's Office
408 Century Court
Franklin, TN 37064

If the Petitioner is under 18 and serving these documents would *not* put him/her at risk, the Clerk will serve and fill out below. (TCA § 36-3-605(c))

*I served the child's parents copies of the Petition, Notice of Hearing, and Temporary Order of Protection by personal delivery or U.S. Mail on: (date):* _____

at (address): _____

Clerk's signature: _____

**OTHER ORDERS:**

EX PARTE IS RESET TO _____ AT _____
EX PARTE TO REMAIN IN FULL FORCE AND EFFECT.
RESPONDENT WAIVES HIS OR HER RIGHT TO A HEARING WITHIN 15 DAY RULE.

DATE: _____     JUDGE: _____

_____

_____

_____

DEBBIE MCMILLAN BARRETT
135 4ᵀᴴ AVE. SOUTH
FRANKLIN, TN. 37064
615-790-5454

**This is a Court Order**

Temporary Order of Protection (ORDER OF THE COURT)

01/01/17
Form #0807-7

# Dismissal of Order of Protection Petition

2022-602

Case # (the clerk fills this in):

*2022 OP JM093*

*2022. OP 216*

☐ Petitioner is under 18

In the GENERAL SESSIONS Court of WILLIAMSON County, TN

## Petitioner (person needing protection)

If Petitioner is under 18, insert child's name if filed on behalf of an unemancipated person (someone under 18 years of age) pursuant to TCA §36-3-602. This Request is being made by _____ who is ☐ child's parent or ☐ legal guardian or ☐ a caseworker.

*Lisa*                        *Lenahan*                        *Garramore*
first                              middle                              last

## Petitioner's Children under 18 Protected by this Order:

| Name | Age | Relationship to Respondent | Name | Age | Relationship to Respondent |
|------|-----|---------------------------|------|-----|---------------------------|
| 1. | | *none* | 3. | | |
| 2. | | *none* | 4. | | |

## Respondent's Information (person you want to be protected from):

*Joseph*                  *Carman*                  *Curtsinger Jr*        date of birth (MM/DD/YYYY)
first                          middle                          last

_____        *Nolensville TN*        *37135*
street address                          city                state        zip

Respondent's Employer: _____          _____
                              Employer's name                                    Employer's phone #

## Describe Respondent:

| Sex | Race | Hair | Eyes | Height – Weight – SSN – Other | | |
|-----|------|------|------|------|------|------|
| ☑ Male | ☑ White | ☐ Black | ☐ Brown | Height | *6'2"* | Weight | *250* |
| ☐ Female | ☐ Asian | ☑ Grey | ☐ Hazel | Social Sec. # (If known) | | | |
| | ☐ Black | ☐ Blond | ☐ Blue | | | | |
| | ☐ Hispanic | ☐ Bald | ☐ Green | Scars/Special Features | | | |
| | ☐ Other: ___ | ☐ Brown | ☐ Grey | | | | |
| | | ☐ Other: ___ | ☐ Other: ___ | Phone Number | | | |

*STOP*

## The Court Hereby Finds:

The court finds that the Petition is dismissed for one of the following reasons:

☐ That the Petitioner has dismissed the petition.

☐ That the Petitioner did not show up for court.

☑ That the Petitioner did not prove the evidence in the petition by a preponderance of the evidence.

## The Court Further Finds, Regarding Costs:

☐ By <u>clear and convincing evidence,</u> the Petitioner is not a domestic abuse victim, stalking victim or sexual assault victim and that such determination is not based on the fact that the petitioner requested that the petition be dismissed, failed to attend the hearing or incorrectly filled out the petition; <u>AND</u> the Petitioner

3.21.19

SCANNED

knew that the allegation of domestic abuse, stalking, or sexual assault was false at the time the petition was filed.

*The Court orders:*

☑ That the Petition for the Order of Protection is dismissed (check one)
　　☐ without prejudice　☐ with prejudice.
☑ That the costs and litigation tax of this cause are not taxed to the Petitioner.
☐ That the costs and litigation tax of this cause are taxed to the Respondent, for which execution shall issue, if necessary.
☐ That the costs and litigation tax of this cause are taxed to the Petitioner, for which execution shall issue, if necessary.

Date: 12-8-2022

▶ _____
Signature of Judge or Chancellor

OTHER:

_____

_____
_____
_____
_____
_____

DEBBIE MCMILLAN BARRETT
CIRCUIT COURT CLERK
135 4TH AVE. SOUTH
FRANKLIN, TN. 37064
PHONE: 615-790-5454
FAX: 615-790-5483

3.21.19

<u>IN THE GENERAL SESSIONS COURT FOR WILLIAMSON COUNTY</u>
<u>TENNESSEE</u>

| | |
|---|---|
| LISA GARRAMONE, | } |
| *Petitioner* | } |
| | } |
| V. | } DOCKET NO: 2222-OP-JM093 *216* |
| | } |
| DR. JOE CURTSINGER | } |
| *Defendants.* | } |

<u>ANSWER TO REQUEST FOR AN ORDER OF PROTECTION BY DR. JOE</u>
<u>CURTSINGER</u>
<u>AND MOTION TO DISMISS PERSUANT TCA §20-17-105</u>

Defendant, Dr. Joe Curtsinger, (hereinafter called "CURTSINGER") hereby answers the
request for an Order of Protection lodged against him by Lisa Garramone, (hereinafter
call "GARRAMONE") as follows:

1. CURTSINGER denies that he has made any threat necessitating an Order of
   Protection.

2. All the actions listed in the STATEMENT FOR ORDER OF PROTECTION
   involve communication protected by the 1st Amendment to the Constitution. Any
   communication by CURTSINGER to any third party was in the exercise of his
   free speech rights accorded citizens of this County, State and US Government. In
   particular, the 1st Amendment to the Constitution states,

"Congress shall make no law respecting an establishment of religion, or prohibiting the
free exercise thereof; or abridging the freedom of speech, or of the press; or the right of
the people peaceably to assemble, and to petition the Government for a redress of
grievances." Free speech includes speaking about political issues and candidates for
office.

3. Getting angry or incensed about political positions is a right. Contacting local media to report problems with a candidate is also within his right as a citizen. CURTSINGER collectively denies making any speech other than political speech.

4. All the action GARRAMONE complains of (Driving a car by her house with political signs) is legal campaigning behavior.

5. CURTSINGER admits to standing with other candidates telling voters of GARRAMONE's drinking and driving behavior and ticket fixing behavior. He did so as a citizen of the area she represents.

6. GARRAMONE complains that CURTSINGER "is going to keep coming after me" which she given evidence, in the next paragraph, of reaching out to Channel Four news, again behavior that is part of political campaigning.

7. Denies that he spread false rumors about GARRAMONE drinking and driving. A police body cam video, obtained through a Freedom of Information Request by a 3rd party and viewed by CURSINGER of the October 17, 2020 event, contains the following statements by the officer (at 23:33:40): "Commissioner or not, tell the chief next time her ass is drinking and driving I'm arresting her."

8. CURTSINGER submits the attached affidavit to support his Motion to Dismiss.

9. There is no statement in the application for a restraining order that shows potential or real harm necessitating an order of protections. GARRAMORE alleges stalking but gives no behaviors other than political participation behaviors that constitute stalking. No reasonable person should feel "terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested" (TCA 36-17-315) by political participation.

Having responded to the facts and charges, CURTSINGER now asserts the following: CURTSINGER ask that attorney fees in this matter be awarded him pursuant Tennessee Public Participation Act TCA §20-17-102ff which states,

*The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, to speak freely, to associate freely, and to participate in government to the fullest extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injury. This chapter is consistent with and necessary to implement the rights protected by the Constitution of Tennessee, Article I, §§ 19 and 23, as well as by the First Amendment to the United States*

Constitution, and *shall be construed broadly to effectuate its purposes and intent.* As used in this chapter:

(1) "Communication" means the making or submitting of a statement or document in any form or medium, including oral, written, audiovisual, or electronic;

(2) "Exercise of the right of association" means exercise of the constitutional right to join together to take collective action on a matter of public concern that falls within the protection of the United States Constitution or the Tennessee Constitution;

(3) "Exercise of the right of free speech" means a communication made in connection with a matter of public concern or religious expression that falls within the protection of the United States Constitution or the Tennessee Constitution;

(4) "Exercise of the right to petition" means a communication that falls within the protection of the United States Constitution or the Tennessee Constitution and:

(A) Is intended to encourage consideration or review of an issue by a federal, state, or local legislative, executive, judicial, or other governmental body; or

(B) Is intended to enlist public participation in an effort to effect consideration of an issue by a federal, state, or local legislative, executive, judicial, or other governmental body;

(5) "Legal action" means a claim, cause of action, petition, cross-claim, or counterclaim or *any request for legal or equitable relief initiated against a private party;*

(a) *If a legal action is filed in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may petition the court to dismiss the legal action.*

(b) Such a petition may be filed within sixty (60) calendar days from the date of service of the legal action or, in the court's discretion, at any later time that the court deems proper.

(c) A response to the petition, including any opposing affidavits, may be served and filed by the opposing party no less than five (5) days before the hearing or, in the court's discretion, at any earlier time that the court deems proper.

(d) All discovery in the legal action is stayed upon the filing of a petition under this section. The stay of discovery remains in effect until the entry of an order ruling on the petition. The court may allow specified and limited discovery relevant to the petition upon a showing of good cause.

TCA 20-17-105

(a) The petitioning party has the burden of making a prima facie case that a legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association.

(b) If the petitioning party meets this burden, the court shall dismiss the legal action unless the responding party establishes a prima facie case for each essential element of the claim in the legal action.

(c) Notwithstanding subsection (b), the court shall dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action.

(d) The court may base its decision on supporting and opposing sworn affidavits stating admissible evidence upon which the liability or defense is based and on other admissible evidence presented by the parties.

(e) If the court dismisses a legal action pursuant to a petition filed under this chapter, the legal action or the challenged claim is dismissed with prejudice.

(f) If the court determines the responding party established a likelihood of prevailing on a claim:

(1) The fact that the court made that determination and the substance of the determination may not be admitted into evidence later in the case; and

(2) The determination does not affect the burden or standard of proof in the proceeding.

20-17-107

If the court dismisses a legal action pursuant to a petition filed under this chapter, the court *shall award* to the petitioning party:

(1) *Court costs, reasonable attorney's fees, discretionary costs, and other expenses incurred in filing and prevailing upon the petition*; and

(2) Any additional relief, including sanctions, that the court determines necessary to deter repetition of the conduct by the party who brought the legal action or by others similarly situated.

THEREFORE, CURTSINGER, by and though counsel moves this Court to dismiss this action pursuant to TCA §17-20-105.

**THE MOTION PORTION TO DISMISS THIS SUIT AS TO CURTSINGER IS EXPECTED TO BE HEARD ON DECEMBER 8, 2022 at 8:30AM at the WILLIAMSON COUNTY GENERAL COURT IN FRANKLIN.**

Respectfully Submitted,

*/s/ George T. Davis, Esq.*
George T. Davis, Esq.
6307 Ramsgate Court
Brentwood, TN 37027
615.544.5299
BPR: #20044
Attorney for Defendant

## CERTIFICATE OF SERVICE AND NOTICE

I hereby certify that the foregoing has been served by email this 1st day of December, 2022 to:

Lisa Garramone
XXXX
XXXX

*/s/ George Davis*
George Davis

Denied 12/8/22

Darell K. Smith
Special Judge

## OATH AND AFFIDAVIT

STATE OF TENNESSEE          )
COUNTY OF WILLIAMSON      )

Before me, the undersigned authority, personally appeared Joe Curtsinger, who, being duly sworn deposed as follows:

My name is Joe Curtsinger, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

1. I have never stalked, harassed, threatened, terrorized or intimidated Ms. Garramone.
2. I have spoken to others about the election for Commissioner and have spoken against the re-election of Ms. Garramone.
3. I have had no connection, communication or contact with Ms. Garramone since the election on November 8th, 2022.
4. I have shown the excerpts of the video obtained by a Freedom of Information Request "FOIR" from October 17, 2020 and December 11, 2020 of her being in a state of alcohol use and, as reasonably understood from the police description, her driving and drinking, as well as having been speeding going 50 in a 35 mph zone. I did so as part of participating in the election process and making citizens aware of the questionable behavior of Ms. Garramone.
5. I believe that such all conversations and actions on my part were of a political participation nature and had to do with the fitness of Ms. Garramone to serve as a Commissioner for the City of Nolensville.
6. Joe Curtsinger, swear and make oath that I am the Plaintiff in the foregoing Petition for Dismissal and for Attorney fees and that the statements contained therein are true and correct to the best of my knowledge, information and belief and are not made out of levity or by collusion with the Defendant, but out of sincerity and truth and for the causes alleged in the Complaint.

_Joe Curtsinger_
Joe Curtsinger

Sworn to and subscribed before me on this 1st day of December, 2022.

_Notary Public_
Notary Public

My Commission expires 5/28/24

## IN THE GENERAL SESSIONS COURT OF WILLIAMSON COUNTY, TENNESSEE

RECEIVED

DEC 15 2022

GENERAL SESSIONS

Lisa Cannamore

_____
PLAINTIFF(S)

GENERAL SESSIONS
CASE NO. _2022-OP-216_

VS.

Joseph Curtsinger Jr.

_____

CIRCUIT CASE NO. **2022-602**

_____
DEFENDANT(S)

### NOTICE OF APPEAL

The Appellant(s), being the ___Defendant___ in the above captioned case, do(es) hereby give notice that I/we

 (Plaintiff(s) or Defendant(s))

desire to appeal to Circuit Court the General Sessions' decision rendered on the:

☐ Original Claim  ☐ Counter Claim  ☒ Other: _Attorney's Fees_

> In accordance with T.C.A. § 27-5-101, et seq., your appeal must be perfected within 10 days from judgment by:
> 1) Filing a Notice of Appeal form; **and**
> 2) Submitting proper appeal filing fee OR completing Pauper's Oath with supporting documents attached.

I/We understand that Circuit Court is a Court of Record and that a court date will be assigned by the Circuit Judge. I/We understand the Circuit Court Clerk's Office **does not** provide forms for filing and they **cannot** provide legal advice.

I demand a jury to try this case:  ☐ Yes
 ☒ No

**APPELLANT (No Attorney Representation)**

**APPELLANT (With Attorney Representation)**

_____
Appellant (signature)

George Davis

Joe Curtsinger Jr.
_____
Appellant (print)

_____
Appellant Street Address

_____
By Attorney (signature)    Attorney Bar Number

6307 Ramsgate Ct
_____
Attorney Street Address

_____
Appellant City, State Zip

Brentwood, TN 37027
_____
Attorney City, State, Zip

_____
Appellant Phone

615.498.1014
_____
Attorney Phone

_____,20____
Date

_____,20____
Date

### NOTICE TO APPELLANT(S)

Tennessee Code Annotated §27-5-108 allows you to appeal the judgment of the General Sessions Court by the filing of a Notice of Appeal within ten (10) days of entry of the judgment.

The ten (10) day period begins on the day following the entry of the judgment. The Notice of Appeal must be filed by the close of business on the tenth (10) day. (e.g., where entry of judgment occurs on the 1st day of the month, Notice of Appeal must be filed by the close of business on the 11th day of the month.)

If the last day of the ten (10) day period falls on a Saturday, Sunday or legal holiday, the Notice of Appeal must be filed by the close of business on the next business day.

Filed Date: Dec. 15. 2022

Vicki Hayes
_____
Clerk/Deputy Clerk-General Session Court

Date: 6/26/2025   1:53:53PM
User: anne

Williamson County Circuit Court
Rule Docket Report

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 12/13/2022 09:34AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | NOTICE OF APPEAL - Filed in O.S. Civil Court (Appealing Atty Fees Only) on O.S. Order of Protection | |
| 12/15/2022 09:58AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Filing Entered: Appeal from General Sessions - Filed For LISA LENAHAN GARRAMONE - Filed Against JOSEPH CARMAN CURTSINGER, JR. | |
| 12/16/2022 10:34AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Emailed Judge's Assistant Atty copy of Appeal | |
| 12/19/2022 04:00PM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Hearing Entered: General Sessions Appeal scheduled for JOSEPH CARMAN CURTSINGER, JR. on 1/10/2023 9:00 AM; Deana Hood | |
| 12/19/2022 04:04PM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | NOTICE AND ORDER TO SET FOR REVIEW ON 1-10-23 @ 9AM | |
| 01/04/2023 02:17PM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | ORDER OF RECUSAL OF JUDGE HOOD - REFERRED TO JUDGE BINKLEY FOR REASSIGNMENT | |
| 01/10/2023 11:47AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Hearing Result: for JOSEPH CARMAN CURTSINGER, JR. - General Sessions Appeal held 1/10/2023 9:00:00 AM - Order Signed - Civil | |
| 01/11/2023 08:52AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Lisa Garramone correct information: Address: ▆▆▆▆▆▆▆▆ Nolensville, TN 37135 | |
| 02/13/2023 11:23AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Reassign Judge: Old Judge Deana Hood, New Judge Joseph A Woodruff. | |
| 02/13/2023 11:26AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | ORDER OF REASSIGNMENT - TO JUDGE WOODRUFF | |
| 04/20/2023 09:55AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Hearing Entered: Motions Hearing scheduled for JOSEPH CARMAN CURTSINGER, JR. on 5/11/2023 9:00 AM; Joseph A Woodruff | |
| 04/20/2023 09:56AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MOTION (to Set & Memorandum of Law - set May 11th) | |
| 04/20/2023 09:56AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MISCELLANEOUS FILING (Exhibit A to Motion to Set) | |
| 04/20/2023 09:56AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MISCELLANEOUS FILING (Exhibit B to Motion to set) | |
| 04/20/2023 09:56AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MISCELLANEOUS FILING (Exhibit C to Motion to Set) | |
| 05/10/2023 02:40PM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MISCELLANEOUS FILING (Reset Motion to Set to June 8th) | |
| 06/05/2023 08:53AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Response (to Memorandum of Law & Motion to Set - obo Plf) | |
| 06/08/2023 10:47AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Hearing Result: for JOSEPH CARMAN CURTSINGER, JR. - Motions Hearing held 5/11/2023 9:00:00 AM - UNDER ADVISEMENT - Civil. Atty's request Judge to rule on the papers. | |
| 06/22/2023 09:49AM | 94CC1-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | ORDER - ATTY FEES DENIED | |

Date: 6/26/2025   1:53:53PM
User: anne

**Williamson County Circuit Court**
**Rule Docket Report**

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 06/23/2023 10:22AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MOTION (Motion to Reconsider) | |
| 06/27/2023 11:59AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | DENIED MOTION TO RECONSIDER | |
| 07/12/2023 03:02PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA - NOTICE OF APPEAL (coa filed date 7/11/23) | |
| 07/13/2023 10:22AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA INVOICE - emailed to georgedavis@teonlegal.com Case Status Change: Appealed | |
| 07/13/2023 10:25AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | | |
| 07/14/2023 01:09PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA - TRAP 3 Notice of Appeal Filed | |
| 08/02/2023 10:12AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | TRANSCRIPT (Transcript of G.S. Hearing taken Dec. 8, 2022) | |
| 08/02/2023 10:12AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | NOTICE OF FILING TRANSCRIPTS (of General Sessions Hearing) | |
| 08/03/2023 08:33AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | 2nd COA INVOICE - emailed to georgedavis@teonlegal.com | |
| 09/05/2023 10:49AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | 3rd NOTICE - APPEAL INVOICE - emailed to any g davis and mailed hardcopy | |
| 09/11/2023 10:38AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | RCVD CHECK FOR APPEAL COSTS | |
| 09/14/2023 07:43AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | PO #24001797 - Road Runner to COA | |
| 10/04/2023 01:33PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA NOTICE: APPELLATE RECORD - ORIGINAL FILED (coa filed date 10/2/23) | |
| 10/04/2023 01:34PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA - NOTICE: ORDER - REMAND TO TRIAL COURT - NON-DISPOSITIONAL (coa filed date 10/2/23) | |
| 10/04/2023 02:39PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | Emailed COA notices to Cathy for Judge Woodruff to review. | |
| 10/09/2023 03:14PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | ORDER - DISPOSING OF THE MOTION TO RECONSIDER | |
| 10/10/2023 09:23AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | SUPPLEMENTAL COA RECORD SENT CERTIFIED MAIL #7019 0160 0000 6927 5478 | |
| 10/16/2023 09:49AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | COA - NOTICE - APPELLATE RECORD - SUPPLEMENTAL FILED | |
| 10/17/2023 02:43PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | RETURN OF GREEN CARD - for Supplemental Record | |
| 02/25/2025 11:09AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | MISCELLANEOUS FILING (APPELLATE DECISION) | |
| 02/25/2025 11:09AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | PROPOSED ORDER (CIVIL) (Order to Transfer) | |
| 02/26/2025 01:38PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | ORDER (CIVIL) (Order to Transfer) | |
| 02/27/2025 02:50PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR. | | CLERKS CERTIFICATE OF SERVICE ON ORDER DATED 2-26-25 | |

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 04/10/2025  11:37AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR | | MISCELLANEOUS FILING (COA - ORDER - MISC (SUA SPONTE)) | |
| 04/14/2025  01:17PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR | | ORDER (CIVIL) (COA - Judgment Filed 01/31/2025) | |
| 04/14/2025  01:21PM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR | | ORDER (CIVIL) (COA - Order & Mandate - 04/09/2025) | |
| 06/02/2025  09:03AM | 94CCI-2022-CV-602 | LISA LENAHAN GARRAMONE vs JOSEPH CARMAN CURTSINGER, JR | | ORDER (CIVIL) (ORDER - REMAND BY TN COURT OF APPEALS) | |

Sworn to before me the 26th June, 2025.

_____ , Clerk

_____ , D.C.